FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 11 2011

GREGORY C. LANGHAM
                              CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01061-BNB

WALID MOAZ,

    Plaintiff,

v.

SAFEWAY, INC.,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Walid Moaz, has filed *pro se* a Title VII Complaint. The court must construe the Title VII Complaint liberally because Mr. Moaz is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Moaz will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Title VII Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891

F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Moaz fails to provide a short and plain statement of his claims showing that he is entitled to relief and he fails to request any relief. Mr. Moaz has checked boxes on the court's preprinted Title VII Complaint form indicating that Defendant discriminated against him because of his race, religion, and national origin by demoting or discharging him from his employment. However, the Court's preprinted Title VII Complaint form otherwise is largely blank and Mr. Moaz provides no factual allegations in support of any claims of employment discrimination. Although Mr. Moaz attaches to the Title VII Complaint a copy of a Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission, that document does not provide the court with the factual basis for any of the claims Mr. Moaz intends to assert in this action.

Neither the court nor Defendant is required to guess in order to determine the specific factual allegations that support the claims Mr. Moaz is asserting. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot

take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Mr. Moaz will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. Mr. Moaz is advised that it is his responsibility to present his claims clearly and concisely in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Moaz file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Moaz, together with a copy of this order, two copies of the following form: Title VII Complaint. It is

FURTHER ORDERED that, if Mr. Moaz fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED May 11, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01061-BNB

Walid Moaz
6825 E Iliff Ave #402
Denver, CO 80224

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint form** to the above-named individuals on May 11, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk