IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-01061-MSK-KMT

WALID MOAZ,

        Plaintiff,

v.

SAFEWAY INC.,

        Defendant.

---

## OPINION AND ORDER DENYING MOTION TO DISMISS

---

**THIS MATTER** comes before the Court on the Motion to Dismiss (#**18**) filed by

Defendant Safeway, Inc. ("Safeway"), to which the Plaintiff Walid Moaz responded **(#35)**, and

Safeway replied **(#36)**.  Having considered the same, the Court **FINDS** and **CONCLUDES** the

following.

### I.  Background

This is an employment discrimination case arising under Title VII of the Civil Rights Act

of 1964.  Mr. Moaz is a former employee of Safeway and contends that he was disciplined and

discharged from his employment for discriminatory reasons.

Construing Mr. Moaz's allegations most favorably to him[1], the Court finds that the

---

[1]The Court is mindful that Mr. Moaz is proceeding *pro se* and, therefore, the Court
construes Mr. Moaz's pleadings liberally and holds Mr. Moaz to a "less stringent standard" than
pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
Such liberal construction is intended merely to overlook technical formatting errors, poor writing
style, and other defects in the party's use of legal terminology, citation, and theories.  *See Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, cannot act as a *pro se*

Amended Complaint **(#7)** alleges that Mr. Moaz, a citizen of Egypt, began working for Safeway

in October 2008.  It is unclear what positions he held but it seems that they involved the store's

gas station services.  Mr. Moaz recounts a number of disputes he had with his store manager,

"Brett,"[2] concerning scheduling and other issues.  The focus of the Complaint, however, appears

to concern customer complaints about Mr. Moaz.  Mr. Moaz describes these customer

interactions in detail, explains why he feels that he behaved appropriately, and describes the

reactions of the store manager and other supervisory personnel, which he believes were unfair or

inconsistent.  Mr. Moaz was disciplined and suspended in early January 2010, purportedly

because of these customer complaints and other alleged wrongdoing.  However, after Mr. Moaz

was placed on suspension, he spoke to Brett, his store manager, on the telephone on January 8,

2010.  Brett reportedly stated, "Listen raghead, if you come near the store I will call the police."

Mr. Moaz also states his belief that he was wrongly disciplined and suspended in retaliation for

filing two grievances concerning harassment and discrimination.  Mr. Moaz's employment at

Safeway was terminated on January 12, 2010.

   Mr. Moaz filed a Complaint in this Court on April 21, 2011 and an Amended Complaint

---

litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim.  Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

   [2]In his response to the motion to dismiss, Mr. Moaz submits a copy of a brief submitted by his union in an arbitration proceeding concerning a grievance filed on Mr. Moaz's behalf. The brief identifies the store manager as Brett Clousing.  There is no evidence as to the result of the arbitration.

on May 24, 2011.[3]  He seeks damages and reinstatement in his job.

## II.   Analysis

Safeway moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a

claim upon which relief can be granted.  There is a strong presumption against dismissal for

failure to state a claim under Rule 12(b)(6).  *See Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d

1248, 1251 (10th Cir. 1999).  However, a claim must be dismissed if the complaint does not

contain enough facts to make the claim "plausible on its face."  *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007).  A claim is plausible on its face if the complaint contains sufficient

facts for a court to draw an inference that the defendant is liable for the alleged misconduct.  *See*

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *id.* at 556).  Although a plaintiff is not

required to include detailed factual allegations in a complaint, the complaint must contain "more

than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and

must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In

reviewing a complaint under Rule 12(b)(6), a court should accept, as true, all well-pleaded facts

and construe all reasonable allegations in the light most favorable to a plaintiff.  *Smith v. United*

*States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

Safeway moves for dismissal arguing that the Amended complaint is "devoid of virtually

any facts whatsoever" and fails to provide the basic information required, such as addresses, the

location where the alleged unlawful employment practices took place, and the substantive factual

---

[3]Mr. Moaz appended a right to sue letter from the United States Equal Employment
Opportunity Commission ("EEOC") dated January 31, 2011 to his original Complaint.  Although
not appended to the Amended Complaint, the Court will take notice of the previously filed right
to sue letter as evidence that Mr. Moaz filed a charge of discrimination with the EEOC prior to
initiating this lawsuit. However, Mr. Moaz does not allege when he filed the charge or when he
received the right to sue letter, and so the Court makes no determination as to the timeliness of
the charge of discrimination or the filing of the Complaint.

allegations underlying his claims.  Safeway also contends that the documents appended to the

Amended Complaint should not be considered as they are outside of the "four corners" of the

pleading and, moreover, are too "confused, ambiguous, vague, or otherwise unintelligible" to

give Safeway fair notice of the facts underlying the claim.  Alternatively, Safeway argues that

the Mr. Moaz's allegations are too conclusory to meet the *Twombly/Iqbal* standard.

The factual basis for Mr. Moaz's claim is contained in a separate written narrative that is

expressly incorporated by reference in his Amended Complaint.  These facts, construed in the

light most favorable to Mr. Moaz, adequately state that he suffered adverse employment actions

and that the stated reasons for the actions were a pretext for national origin discrimination and

retaliation for protected opposition to discrimination and harassment.  Contrary to Safeway's

characterization, the facts set forth in the narrative are specific and chronological, identifying

exactly what Mr. Moaz alleges occurred, including the dates on which the events occurred and

identification of the primary participants.  Although more detailed than necessary under Fed. R.

Civ. P. 8, they are not too prolix to be comprehensible.[4]  Moreover, they are not simply

conclusory.  Mr. Moaz explains a factual basis for why he believes the adverse actions were

---

[4]Although Mr. Moaz's statements of facts are not numbered, it will not be "impossible" for Safeway to admit or deny the allegations, as it can certainly use a numbering system in its answer or otherwise find a way to identify which alleged facts it is admitting or denying.

pretextual and, indeed, alleges that a supervisor made an overtly discriminatory statement.

These allegations are plausible and adequately state a claim for discrimination and retaliation.

**IT IS THEREFORE ORDERED** that Safeway's Motion to Dismiss **(#18)** is **DENIED.**

Dated this 10th day of January, 2012

**BY THE COURT:**

Marcia S. Krieger
United States District Judge