IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01061–MSK–KMT

WALID MOAZ,

      Plaintiff,

v.

SAFEWAY INC.,

      Defendant.

---

## ORDER

---

This matter is before the court on "Safeway's Motion to Amend Answer" (Doc. No. 59,

filed April 30, 2012).  In its Motion, Defendant seeks leave to amend its answer to add the

affirmative defense of after-acquired evidence of misconduct and resume fraud based on

information received during the course of discovery.  Plaintiff did not file a response to the

Motion.

While Defendant seeks relief pursuant to Fed. R. Civ. P. 15(a), its Motion to Amend was

filed well beyond the November 30, 2011, deadline for amending pleadings established in the

Scheduling Order.  (Doc. No. 30.)  Accordingly, the court must consider the interplay between

Rule 15(a) and Rule 16(b)(4).  The Tenth Circuit "has not yet considered whether Rule 16(b)(4)

must be met when motions to amend pleadings would necessitate a corresponding amendment of

scheduling orders."  *See United States ex rel. Richie v. Lockheed Martin Corp.*, 558 F.3d 1161,

1166 (10th Cir. 2009).  However, lower courts in the Tenth Circuit repeatedly have looked to

Rule 16(b)(4) when a party seeks leave to amend pleadings after the deadline for amending

pleadings has passed.  *See, e.g., Philippus v. Aetna Health, Inc.*, 2010 WL 148282, at *2–3 (D.

Colo. 2010); *Texas Instruments, Inc. v. BIAX Corp.*, 2009 WL 3158155, at *1–2 (D. Colo. 2009);

*Jenkins v. FMC Technologies, Inc.*, 2009 WL 1464416, at * 1–2 (D. Colo. 2009); *Dias v. City*

*and County of Denver, Colorado*, 2007 WL 4373229, at *2–3 (D. Colo. 2007).

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and

with the judge's consent."  *See* Fed. R. Civ. P. 16(b)(4).  *See also* D.C.COLO.LCivR 16.1 ("The

schedule established by a scheduling order shall not be modified except upon a showing of good

cause and by leave of court").  This "good cause" requirement reflects the important role a

scheduling order plays in the court's management of its docket.  *Cf. Washington v. Arapahoe*

*County Department of Social Services*, 197 F.R.D. 439, 441 (D. Colo. 2000) (noting that a

"scheduling order is an important tool necessary for the orderly preparation of a case for trial").

*See also Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y.

2003) ("scheduling orders are designed to offer a degree of certainty in pretrial proceedings,

ensuring that at some point both the parties and the pleadings will be fixed and the case will

proceed"); *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan.1995) ("a

scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly

disregarded by counsel without peril").

The "good cause" standard requires the moving party to show that despite its diligent

efforts, it could not have reasonably met the scheduled deadline.  *See Pumpco, Inc. v. Schenker*

2

*International, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).  Rule 16(b)'s "good cause" standard is

much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not

focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on

the diligence of the party seeking leave to modify the scheduling order to permit the proposed

amendment.  Properly construed, "good cause" means that scheduling deadlines cannot be met

despite a party's diligent efforts.  In other words, this court may "modify the schedule on a

showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking

the extension."

Assuming the Rule 16(b) "good cause" standard is met, the court then must consider the

balancing test mandated by Fed. R. Civ. P. 15(a).  The underlying purpose of Rule 15(a) is to

facilitate a decision on the merits.  *Bob Marshall Alliance v. Lujan*, 804 F. Supp. 1292, 1298 (D.

Mont.1992) (noting that the court's exercise of discretion must "be guided by the underlying

purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or

technicalities").

Here, the defendant argues that in lieu of filing an answer, it filed a Motion to Dismiss

the Amended Complaint.  Prior to the District Court's ruling on Safeway's Motion to Dismiss,

this court entered a Scheduling Order.  Pursuant to that Order, the deadline for amendment of

pleadings was November 30, 2011—though Safeway had not yet answered Moaz's Amended

Complaint at that time.  On January 10, 2012, the District Court issued an Order denying

Safeway's Motion to Dismiss.  Safeway then filed its Answer to Moaz's Amended Complaint

two weeks later on January 24, 2012.  In its Answer, Safeway expressly reserved the right to

assert additional defenses as discovery proceeded, and specifically referenced the affirmative

defense of after-acquired evidence of misconduct.

Defendant further asserts that at the time it filed its original Answer in January, the

deadline for amending pleadings had already lapsed by nearly two months.  Further, the parties

had not yet conducted any discovery, and so the facts underlying the defense of after-acquired

evidence of misconduct were not yet known.  Defendant asserts that, based on information

acquired during discovery, it now wishes to amend its Answer to include this defense.  In the

court's wide discretion, *see Burks v. Oklahoma Pub. Co.*, 81 F.3d 975, 978 (10th Cir. 1996), the

court finds that Defendant's have shown "good cause" under Rule 16(b)(4).  Therefore, the court

proceeds to the Rule 15 analysis.

Pursuant to Rule 15(a), "[t]he court should freely give leave [to amend the pleadings]

when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649

(D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353

F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under

which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a [party] may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits.  In the absence of any apparent or declared reason-such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.-the
> leave sought should, as the rules require, be "freely given."  Of course, the grant
> or denial of an opportunity to amend is within the discretion of the District Court,
> but outright refusal to grant the leave without any justifying reason appearing for
> the denial is not an exercise of discretion; it is merely abuse of that discretion and
> inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Based on Plaintiff's failure to file a response to the Motion to Amend, as well as the court's independent review of the proposed amendment to the answer (Doc. No. 59-3), the court finds that there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is

ORDERED that "Safeway's Motion to Amend Answer" (Doc. No. 59) is GRANTED. Defendant shall file its Amended Answer on or before June 22, 2012.

Dated this 19th day of June, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge